UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------- X
AMERIPARK, LLC,                           :
                                          
             Plaintiff,        :   INDEX NO.   1:19-cv-1393

  -against-                              :   **COMPLAINT**

AMERIPARK EXCLUSIVE VALET LLC, and        :   **JURY TRIAL DEMANDED**
KRSTE TRPOSKI,
                                          :
             Defendants.       :
----------------------------------------- X

## INTRODUCTION

Plaintiff, AmeriPark, LLC ("AmeriPark"), brings this action against Defendants, Ameripark Exclusive Valet LLC ("AEValet") and Krste Trposki ("Trposki") (collectively, "Defendants"), for injunctive relief and damages under the laws of the United States, the State of New York, and the State of New Jersey, based on Defendants' infringement of AmeriPark's AMERIPARK service marks (the "AMERIPARK Mark") and breach of a binding settlement agreement with AmeriPark (the "Settlement Agreement").

Defendants have commenced offering parking services under an identical and confusingly similar name to the AMERIPARK Mark, "Ameripark" (the "Infringing Mark"). These same services are provided by AmeriPark. Defendants have – despite knowledge of AmeriPark's rights in its AMERIPARK Mark, notice of AmeriPark's objections to Defendants' use of the Infringing Mark, and Defendants' own execution of a ***binding Settlement Agreement*** under which they promised to cease all use of the Infringing Mark by December 31, 2018 – continued to infringe AmeriPark's AMERIPARK Mark and harm its brand. As a result,

AmeriPark has suffered, is suffering and, unless relief is entered by this Court, will continue to suffer ongoing harm due to Defendants' conduct as alleged herein.

## PARTIES

1. AmeriPark is a Delaware limited liability company that offers parking services in twenty states and territories, including the States of New York and New Jersey. It is one of the largest providers of parking services in the United States.

2. Upon information and belief, AEValet is a New Jersey limited liability company that provides parking services in New Jersey.

3. Upon information and belief, Trposki is the sole managing member and Chief Executive Officer of AEValet.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) because it involves substantial claims of trademark infringement arising under 15 U.S.C. §§ 1114 and 1125. This Court has supplemental subject matter jurisdiction over AmeriPark's related claims for breach of contract under the laws of the State of New York and unfair competition under the laws of the State of New Jersey pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendants based upon their own consent to suit in this Court. The exclusive jurisdiction and venue provision of Section 8 of the Settlement Agreement (to which Defendants agreed) provides that any claims arising under the Settlement Agreement will be resolved by application to a court of competent jurisdiction in New York.

6. Venue is proper in this judicial district based on Defendants' consent, pursuant to the exclusive jurisdiction and venue provision of Section 8 of the Settlement Agreement (to which Defendants agreed).

## FACTUAL ALLEGATIONS

**AmeriPark's Operations and Valuable AmeriPark Mark**

7. Since at least as early as 1999, AmeriPark has continuously and extensively used the AMERIPARK Mark in connection with parking services. Over the past 20 years, AmeriPark has expanded its parking service offerings to include valet parking services, traffic management services at venues, parking enforcement services, and parking management and consulting services.

8. Today, AmeriPark is one of the leading providers of parking services in the United States, employing over 2,000 employees in 20 states and territories, to handle parking of more than *10 million* cars per year with efficiency, professionalism and courteous customer service. Since at least as early as 2008, AmeriPark has offered parking services under the AMERIPARK Mark in New Jersey, including in Hackensack, Edison, Livingston, Paramus, Elizabeth, and Jersey City.

9. AmeriPark also offers parking-related consulting services, the purpose of which is to grow and maintain AmeriPark's outstanding reputation for customer service. In 1995, AmeriPark created AmeriPark University, which provides training on parking management solutions intended to provide first-class customer care and customer experience. For example, when guests arrive at a hotel partnered with AmeriPark, AmeriPark's employees are trained to help guests beyond simple parking services, by (among other things) assisting with luggage and providing directions around the local area. In addition, AmeriPark works closely with its

entertainment and retail partners – including hotels, medical centers, luxury residential facilities, airports, large venues and restaurants – to develop and offer other customer service solutions, such as guest or employee shuttles that improve customers' parking experience.

10. In recognition of the value of the AMERIPARK Mark, in which it has substantial common law rights and goodwill, AmeriPark sought and obtained U.S. Trademark Reg. Nos. 4,087,170 for AMERIPARK and 4,087,169 for AMERIPARK (stylized) (together, the "AmeriPark Registrations"). Both AmeriPark Registrations were issued on January 17, 2012.

11. The AmeriPark Registrations cover "business management and consulting services for the parking lot and parking garage industries" in Class 35 and "parking lot, parking garage and valet parking services" in Class 39.

12. The AmeriPark Registrations are valid and subsisting, are in full force and effect, and have become incontestable by operation of law pursuant to 15 U.S.C. § 1065. Moreover, the AmeriPark Registrations constitute evidence of the validity of the AMERIPARK Mark and the AmeriPark Registrations, AmeriPark's ownership of the AMERIPARK Mark, and its exclusive right to use the AMERIPARK Mark. The AmeriPark Registrations are summarized below.

| Mark | Registration No. | International Class(es) | Status |
|---|---|---|---|
| AmeriPark | 4,087,170 | 35 39 | Incontestable |
| *AmeriPark* | 4,087,169 | 35 39 | Incontestable |

Copies of the Certificates of Registration for the AmeriPark Registrations are attached hereto as **Exhibit 1**.

13. AmeriPark has enjoyed extensive sales of its services offered under the AMERIPARK Mark in commerce in the United States, including in the States of New York and New Jersey. AmeriPark has extensively advertised and promoted such services in various

-4-

media, including the Internet, social media platforms such as LinkedIn, Facebook and Twitter, direct customer communications and e-mails, and physical signage at its locations. AmeriPark has spent, on average, over $75,000 per year to advertise and promote parking services offered under the AMERIPARK Mark.

14.     As a result of the activities described above, AmeriPark has built up and owns valuable goodwill symbolized by the AMERIPARK Mark.  The AMERIPARK Mark enjoys extensive public recognition as a source of premier parking services.  AmeriPark, through its investment in the AMERIPARK Mark, focus on customer service, and stellar industry reputation, enjoys an impressive, diverse range of clientele, including The Forum Shops (Caesar's Palace – Las Vegas, NV), the Washington Hospital Center (Washington D.C.), the FedEx Forum (home of NBA's Memphis Grizzles), Charlotte Douglas International Airport, the Garden State Plaza Mall (Westfield, NJ) and The Mills at Jersey Gardens (Elizabeth, NJ).

15.     To individual customers, the AMERIPARK Mark signifies consistent customer service and best-in-class security, engendering a high degree of confidence and trust that customers' vehicles and personal property will be well cared for.  This trust has resulted in AmeriPark earning from its distinguished corporate clientele one of the highest levels of repeat and referral business in the parking and valet services industry.

16.     AmeriPark has received awards and accolades for services offered under the AMERIPARK Mark, which demonstrate the immense goodwill in the AMERIPARK Mark.  For example, in 2015, AmeriPark won the first place prize at the National Parking Association's 2015 National Valet Olympics, held in Miami Beach, FL in conjunction with the National Parking Association's 2015 Convention and Expo.  AmeriPark has also been named one of the "Best Places to Work" by the Atlanta Journal Constitution for the past 6 out of 7 years.

**Defendant's Infringing Activity**

17. Trposki formed AEValet in or about March 2014. Upon information and belief, since AEValet's formation, Trposki has been AEValet's sole managing member and Chief Executive Officer.

18. Upon information and belief, Trposki and AEValet began offering parking services under the Infringing Mark sometime in 2015. Upon information and belief, on or about December 30, 2015, either Trposki or AEValet registered the internet domain www.aevalet.com but, according to records obtained from the Internet Archive "Wayback Machine" (https://web.archive.org), launched an active webpage advertising services under the Infringing Mark only in or about February 2017. A true and correct copy of a February 2017 webpage image obtained from the "Wayback Machine" is attached hereto as **Exhibit 2**.

19. Due to AmeriPark's valid and subsisting AmeriPark Registrations, at all times since Trposki formed AEValet in 2014, Defendants have been on constructive notice of AmeriPark's exclusive rights in and to the AMERIPARK Mark.

20. Despite AmeriPark's longstanding prior rights in the AMERIPARK Mark, Defendants began offering parking services under the Infringing Mark that *directly overlap and compete* with the parking services that AmeriPark offers under its AMERIPARK Mark, as described in Paragraphs 7-9 above.

21. Upon information and belief, since 2015, Defendants gradually expanded the number of locations at which they offer competing parking services under the Infringing Mark. Currently, Defendants advertise parking services provided at various venues, hotels, restaurants and consumer destinations in New Jersey, including the National Winter Activity Center

-6-

(Vernon, New Jersey), the APA Hotel (Woodbridge New Jersey), the South Orange Performing Arts Center (South Orange, NJ) and a Ferrari Dealership (Edison, New Jersey).

22. In addition to Defendants' use of a mark that is identical to AmeriPark's AMERIPARK Mark in connection with identical and competing services, Defendants have also adopted a stylized version of its Infringing Mark that is confusingly similar to the AMERIPARK Mark, as shown below:

| **AmeriPark Mark** | **Infringing Mark** |
|---|---|
| AmeriPark | Ameripark EXCLUSIVE VALET |

23. Defendants have had actual knowledge of the AMERIPARK Mark since at least June 2018 (if not well before this date, due to AmeriPark's well-known and well-publicized service offerings under the AMERIPARK Mark, in the State of New Jersey and elsewhere).

24. In or about June 2018, AmeriPark learned of Defendants' use of the Infringing Mark, including on the www.aevalet.com website, various social media accounts, and other tangible marketing and business materials such as signage, parking tickets, and uniforms.

25. AmeriPark promptly sent Defendants a letter notifying them of AmeriPark's exclusive rights in the AMERIPARK Mark and demanding that Defendants promptly cease all use of the Infringing Mark. Attached hereto as **Exhibit 3** is a true and correct copy of AmeriPark's June 26, 2018 letter to Defendants.

26. On or about June 27, 2018, Trposki called counsel for AmeriPark and offered to rebrand Ameripark Exclusive Valet to "AEValet," including on all digital and online media, as

well as on tangible business and marketing materials. Trposki requested approval from AmeriPark before bearing the expense and burden of a rebrand to AEValet.

27. On or about June 28, 2018, AmeriPark, through counsel, accepted Trposki's proposal.

28. Despite Trposki's representations, AmeriPark soon learned that Defendants' actual "rebranding" efforts fell far short of Trposki's proposal. For example, although Defendants changed the header on the www.aevalet.com website from "Ameripark" to "AEValet," they failed to remove images and photographs showing and/or promoting the Infringing Mark. Further, upon information and belief, Defendants did not change or stop using tangible marketing materials or signage bearing the Infringing Mark.

29. On August 2, 2018, AmeriPark sent a second letter to Defendants restating its previous demands, attaching examples of Defendants' continued noncompliance with the parties' oral agreement, and requesting an immediate response. Attached hereto as **Exhibit 4** is a true and correct copy of AmeriPark's August 2, 2018 letter to Defendants.

30. On August 15, 2018, Trposki responded to AmeriPark's August 2, 2018 letter via e-mail, representing that Defendants had disabled AEValet's social media pages. Trposki also represented that a website designer was removing or blurring the AmeriPark text from each image on all of AEValet's digital media pages, including the www.aevalet.com website, Facebook, Instagram, and Yelp. In addition, Trposki represented that AEValet intended to undergo another rebrand to "Liberty Parking Services" to avoid any future trademark disputes with AmeriPark. Attached hereto as **Exhibit 5** is a true and correct copy of the correspondence between AmeriPark's counsel and Trposki between August 15, 2018 and September 13, 2018.

31. Upon information and belief, Trposki formed "Liberty Parking Services LLC" in New Jersey, under New Jersey law, in August 2018.

32. In August and September 2018, in an attempt to fully resolve the parties' dispute, AmeriPark and Defendants negotiated the terms of a settlement agreement. In particular, Defendants offered to immediately remove all instances of the Infringing Mark on AEValet's digital media. For tangible business and marketing materials such as signage, stationary, and uniforms, Defendants proposed a "phase-out" or "transition" period ending on December 31, 2018, during which Defendants would cease all use of the Infringing Mark, and rebrand to "Liberty Parking Services." *See* **Exhibit 5**.

33. On September 7, 2018, AmeriPark accepted Defendants' proposed terms of settlement. *Id.* The same day, through counsel, AmeriPark sent Defendants a draft settlement agreement reflecting the parties' negotiated terms. *Id.*

34. On September 18, 2018, Defendants executed the Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit 6**.

35. Under the Settlement Agreement, Defendants agreed to discontinue all use of the Infringing Mark on digital media by September 28, 2018, and all other use of the Infringing Mark by December 31, 2018 (the "Transition Date"). Defendants further agreed that, by the Transition Date, they would change AEValet's corporate name, cease doing business under the Infringing Mark, and remove the Infringing Mark from all physical signage, uniforms, and other tangible business or marketing materials.

36. Despite Defendants' execution of the Settlement Agreement, Defendants continued to offer parking and valet services under the Infringing Mark well past the Transition Date, and continue to do so today.

37. In mid-January, AmeriPark learned that Defendants were using the Infringing Mark on tangible marketing and business materials, in violation of the Settlement Agreement and also in violation of AmeriPark's exclusive rights in the AMERIPARK Mark. On or about January 29, 2018, AmeriPark visited one of Defendants' locations in Fair Lawn, New Jersey, and captured the following images showing continued use of the Infringing Mark on tangible marketing and business materials:

 

38. Thus, even though Defendants: (a) have been on actual notice of AmeriPark's exclusive rights in the AMERIPARK Mark since at least June 2018, when AmeriPark sent its first cease and desist letter to Defendants; and (b) subsequently promised in the Settlement Agreement to cease all use of the Infringing Mark by December 31, 2018, Defendants have nonetheless continued to infringe AmeriPark's exclusive rights in the AMERIPARK Mark and are in breach of the Settlement Agreement. Such acts of infringement and breach are willful.

39. Upon information and belief, Defendants have not taken any steps to cease use of the Infringing Mark on tangible marketing and business materials.

40. Upon information and belief, Defendants have deliberately, willfully, and in bad faith continued to use the Infringing Mark, which is identical and confusingly similar to the AMERIPARK Mark, and which will mislead and confuse consumers into believing that Defendants' services are provided, sponsored or approved by AmeriPark.

41. Upon information and belief, Defendants have deliberately, willfully, and in bad faith continued to use the Infringing Mark, which is identical and confusingly similar to the AMERIPARK Mark, to unlawfully misappropriate and unjustly benefit from the considerable goodwill associated with the AMERIPARK Mark.

42. As a result of Defendants' wrongful activities, consumers have been and will be misled, and AmeriPark has suffered, is suffering, and will continue to suffer irreparable harm and economic injury.

43. Indeed, AmeriPark has learned of actual consumer confusion in the marketplace caused by Defendants' wrongful activities. For example, AmeriPark has received at least one misdirected complaint from a dissatisfied customer of Defendants.

44. In that complaint, an individual complained to AmeriPark about property that was allegedly stolen from her vehicle when parking personnel erroneously gave her car keys to a third person. She also complained about the parking service provider's failure to respond to the incident. She alleged that this incident occurred at The Brookside Banquets in Bloomfield, NJ. Attached as **Exhibit 7** is a true and correct copy of the misdirected customer complaint.

45. AmeriPark does not offer parking services at The Brookside Banquets in Bloomfield, NJ.

46. Upon information and belief, Defendants offer parking services at The Brookside Banquets in Bloomfield, NJ.

47. Such actual consumer confusion has damaged, is damaging, and, if not immediately enjoined, will continue to damage, AmeriPark's valuable goodwill in and to the AMERIPARK Mark.

### FIRST CLAIM FOR RELIEF
### Infringement of Federally Registered Trademark
### (15 U.S.C. § 1114)

48. AmeriPark repeats and realleges paragraphs 1 through 47 as if fully stated herein.

49. AmeriPark is the sole owner of all right, title and interest in and to the AMERIPARK Mark for use in connection with the services set forth in this Complaint, and has obtained the AmeriPark Registrations, which are valid and subsisting, are in full force and effect, and have become incontestable by operation of law pursuant to 15 U.S.C. § 1065.

50. Defendants' use of the Infringing Mark in connection with services that are similar if not identical to AmeriPark's parking and valet services is likely to cause, and indeed has caused, confusion, mistake, or deception in the minds of consumers, and has lead and will continue to lead consumers and prospective clients to believe that Defendants' services are those of AmeriPark or are endorsed, sponsored by or otherwise affiliated or connected with AmeriPark, or that AmeriPark's services are associated with Defendants.

51. Defendants' acts constitute willful service mark infringement of AmeriPark's federal AmeriPark Registrations in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. Defendants' acts have caused irreparable injury to AmeriPark and, unless restrained by this Court, will be continued, and AmeriPark will continue to suffer irreparable injury.

53. In addition, upon information and belief, Defendants have profited from their unlawful actions and have been enriched to the detriment of AmeriPark. Upon information and

belief, Defendants' unlawful actions have caused, are causing, and will continue to cause, monetary damage to AmeriPark in an amount presently unknown, but to be determined at trial.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition and False Designation of Origin and False and Misleading Representations
### (15 U.S.C. § 1125(a))

54. AmeriPark repeats and realleges paragraphs 1 through 53 as if fully stated herein.

55. AmeriPark is the sole owner of all right, title and interest in and to the AMERIPARK Mark and uses the AMERIPARK Mark in United States commerce in connection with the services set forth in this Complaint.

56. Defendants' use of the Infringing Mark in connection with services that are similar if not identical to AmeriPark's parking and valet services is likely to cause, is causing, and indeed has caused, confusion, mistake, or deception in the minds of consumers, and has lead and will continue to lead consumers and prospective clients to believe that Defendants' services are those of AmeriPark or are endorsed, sponsored by or otherwise affiliated or connected with AmeriPark, or that AmeriPark's services are associated with Defendants.

57. Defendants' acts constitute willful unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Defendants' acts have caused irreparable injury to AmeriPark and, unless restrained by this Court, will be continued, and AmeriPark will continue to suffer irreparable injury.

59. In addition, upon information and belief, Defendants have profited from their unlawful actions and have been enriched to the detriment of AmeriPark. Upon information and belief, Defendants' unlawful actions have caused, are causing, and will continue to cause, monetary damage to AmeriPark in an amount presently unknown, but to be determined at trial.

### THIRD CLAIM FOR RELIEF
**Breach of Contract**

60. AmeriPark repeats and realleges paragraphs 1 through 59 as if fully stated herein.

61. On September 18, 2018, AmeriPark and Defendants entered into the Settlement Agreement.

62. The Settlement Agreement is valid, enforceable and binding.

63. Under the Settlement Agreement, Defendants agreed to discontinue *all* use of the Infringing Mark by December 31, 2018.

64. Defendants have breached the Settlement Agreement by continuing to use the Infringing Mark after December 31, 2018, including on its tangible business and marketing materials.

65. AmeriPark has performed each of its obligations under the Settlement Agreement.

66. By reason of Defendants' breach, AmeriPark has suffered irreparable harm and injury, and, unless restrained by this Court, will continue to suffer irreparable injury.

67. Upon information and belief, Defendants' breach has caused, is causing, and will continue to cause, monetary damage to AmeriPark in an amount presently unknown, but to be determined at trial.

### FOURTH CLAIM FOR RELIEF
**New Jersey State Unfair Competition and Misappropriation**
**(N.J.S.A. 56:4-1 – 56:4-2 and New Jersey Common Law)**

68. AmeriPark repeats and realleges paragraphs 1 through 67 as if fully stated herein.

69. AmeriPark is the sole owner of all right, title and interest in and to the AMERIPARK Mark and uses the AMERIPARK Mark in commerce in the State of New Jersey in connection with the services set forth in this Complaint.

70. Defendants' use of the Infringing Mark in New Jersey in connection with services that are similar or identical to AmeriPark's parking and valet services is likely to cause, and indeed has caused, confusion, mistake, or deception in the minds of consumers, and has lead and will continue to lead consumers and prospective clients to believe that Defendants' services are those of AmeriPark or are endorsed, sponsored by or otherwise affiliated or connected with AmeriPark, or that AmeriPark's services are associated with Defendants.

71. Defendants' acts constitute unfair competition and misappropriation of a name, brand, trademark, reputation and/or goodwill in violation of N.J.S.A. 56:4-1 – 56:4-2 and New Jersey common law.

72. Defendants' acts have caused irreparable injury to AmeriPark and, unless restrained by this Court, will be continued, and AmeriPark will continue to suffer irreparable injury.

73. In addition, upon information and belief, Defendants have profited from their unlawful actions and have been enriched to the detriment of AmeriPark. Upon information and belief, Defendants' unlawful actions have caused, are causing, and will continue to cause, monetary damage to AmeriPark in an amount presently unknown, but to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, AmeriPark prays for relief as follows:

1. That Defendants be adjudged to have willfully infringed and misappropriated AmeriPark's rights in the AMERIPARK Mark and AmeriPark Registrations, including U.S. Federal Trademark Reg. Nos. 4,087,169 and 4,087,170, under 15 U.S.C. §§ 1114 and 1125(a);

2. That Defendants be adjudged to have willfully engaged in unfair competition and misappropriation with respect to AmeriPark's rights in the AMERIPARK Mark under N.J.S.A. 56:4-1 and 56:4-2;

3. That Defendants be adjudged to have breached the Settlement Agreement;

4. That Defendants Trposki and AEValet, and each of Defendant AEValet's officers, directors, members, partners, agents, subcontractors, employees, representatives, parents, subsidiaries and related companies or entities, and all others acting in concert or participation with either of the Defendants, are permanently enjoined from:

   a. using the Infringing Mark or any variation or colorable imitation thereof;
   b. infringing the AMERIPARK Mark;
   c. representing that Defendants are associated with or in any way related to AmeriPark;
   d. filing or prosecuting and federal or state trademark application for the Infringing Mark or any variation or colorable imitation thereof; and
   e. unfairly competing with AmeriPark by using a name or mark confusingly similar to the AMERIPARK Mark;

5. That Defendants be directed to file with this Court and to serve upon AmeriPark within thirty (30) days of the issuance of this Court's injunction, a written report signed by Defendants, under oath, setting forth in detail the manner in which Defendants complied with the injunction;

6. That Defendants provide an accounting to determine all gains, profits, savings and advantages obtained by Defendants as a result of their wrongful actions;

7. That Defendants destroy any and all materials bearing the Infringing Mark, including, without limitation, advertising and promotional materials, whether online/digital or tangible, stationery, signage, business cards, catalogs, parking tickets and other items;

8. Awarding AmeriPark damages and each of Defendant Trposki and AEValet's profits pursuant to 15 U.S.C. § 1117(a) and trebled pursuant to 15 U.S.C. § 1117(b);

9. Awarding AmeriPark damages, trebled, pursuant to N.J.S.A. 56:4-2;

10. Awarding AmeriPark its damages incurred as a result of Defendants' breach of the Settlement Agreement;

11. Awarding restitution to AmeriPark of all gains, profits, savings and advantages obtained by each of Defendant Trposki and AEValet as a result of their wrongful actions;

12. Awarding AmeriPark all of its costs and reasonable attorneys' fees incurred in prosecuting this matter; and

13. Awarding AmeriPark such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, AmeriPark hereby demands trial by jury on all issues raised in the Complaint.

-18-

Dated:  February 13, 2019

DLA PIPER LLP (US)

By    /s/ *Airina L. Rodrigues*
    Airina L. Rodrigues
    1251 Avenue of the Americas
    New York, NY 10020
    T: 212-335-4673
    E: airina.rodrigues@dlapiper.com

    *Attorneys for Plaintiff*
    AmeriPark, LLC